*Central Vermont Medical Center, Inc. v. Rich et al.*, No. 461-8-14 Wncv (Teachout, J., Sept. 8, 2015).
[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

**SUPERIOR COURT**                                                      **CIVIL DIVISION**
**Washington Unit**                                                      **Docket No. 461-8-14 Wncv**

**Central Vermont Medical Center, Inc.**
**d/b/a Woodridge Rehabilitation and**
**Nursing f/k/a Woodridge Nursing Home**
        **Plaintiff**


        **v.**

**Frederick Rich and Rosalind Rich**
        **Defendants**


### Attorneys' Fees

Plaintiff prevailed on its claim that Defendant Mr. Rich was required to pay monthly expenses at the private pay rate while his Medicaid appeals and applications were pending. Its other primary claim, that Mrs. Rich was liable for the costs of Mr. Rich's care, was not successful. The contract that formed the basis for its claims included a provision entitling it to attorneys' fees, and it seeks a ruling on its claim for attorneys' fees. Detailed billing records were submitted and the parties submitted legal memoranda. Plaintiff also submitted an affidavit from an attorney in support of its claim for fees in the amount of $26,155 plus costs of $950.68.

The lodestar analysis calls first for determination of an amount determined by reasonable hourly billing rates multiplied by a reasonable number of hours. The court finds that the billing rates are reasonable as supported by the affidavit of an independent attorney. The court finds that the billing number of hours exceeds a reasonable number for a few reasons. First, time was spent on seeking an ex parte writ of attachment at the beginning of the suit. Grounds advanced for attachment on an ex parte basis were vague allegations and the request was predictably denied. In addition, research of land records revealed that the ability to attach land in which Mrs. Rich had an interest was questionable. Second, the Plaintiff's motion for summary judgment was not submitted in accordance with V.R.C.P. 56 and was inadequate as a basis for a legal ruling. The court permitted it to be redone, but it is not reasonable for Defendant to be responsible for this extra work. Reduction of the number of hours attributable to unnecessary work reduces the fees to approximately $20,000.

This figure is then subject to adjustment, if appropriate, for other reasons such as the novelty of the legal issue, the experience of the attorney, and the results obtained in the litigation.

In this case Plaintiff pursued two claims vigorously, one against Mr. Rich and the other against Mrs. Rich. Plaintiff's own Agreement, which formed the basis of the claim, made clear that Mrs. Rich did not have an independent contractual obligation to Plaintiff and furthermore was not a guarantor of her husband's liability. To support a claim against her, Plaintiff's burden was to show that she misappropriated Mr. Rich's funds to make them unavailable to pay his

liability to Plaintiff.  No evidence of such misappropriation was ever produced.  Furthermore, because all of the work done in pursuit of obtaining attachments against two pieces of real property only made sense if Mrs. Rich's liability could be proved, and it was not, all of that work was unavailing and unnecessary.   The attempt to impose liability on Mrs. Rich as distinct from Mr. Rich was a very substantial part of this case, at least half, and yet there was not a strong factual or legal basis for either the claim or attempted attachments related to it.

Based on this analysis, the court finds $10,000 to represent reasonable legal fees in the case.  While this amount may seem high for a collection action, the case did involve determination of an unsettled question of law: whether Mr. Rich was obliged to make private pay rate payments while he had Medicaid proceedings pending.  Defendants' position--that nothing at all need be paid for an extended period of time while Plaintiff was obliged to continue to provide services-- reasonably called for collection action on Plaintiff's part, and the necessity of briefing the legal issue.

## ORDER

For the foregoing reasons, Woodridge's claim for attorneys' fees is granted in the amount of $10,000.00.  Costs requested are approved except for the request for postage.

Plaintiff's attorney shall prepare a form of judgment.

Dated at Montpelier, Vermont this _____ day of September 2015.

_____

Mary Miles Teachout
Superior Judge

2